IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00120-MEH-CBS

RIKKI LAMBERT,

    Plaintiff,

v.

TRAVEL CENTERS OF AMERICA,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint Out of Time [docket #39]. In accordance with this Court's order, Defendant filed a response to the motion; however, the Plaintiff did not file a reply to the response.

Plaintiff argues that, when the Court granted her Amended Motion to File Amended Complaint, she inferred that it granted the relief she sought - *i.e.*, "that the attached amended complaint be filed." *See* docket #27. Instead the Court "grant[ed] the motion to allow Plaintiff to add to his [sic] Complaint relevant allegations and a request for relief for punitive damages under Title VII of the Civil Rights Act of 1964, as amended" and gave the Plaintiff until July 6, 2009 to file such amended complaint. Docket #33. While the Court intended for the Plaintiff to file an amended pleading consistent with the order, the Court recognizes that such instruction would have been more clear if the motion had been granted in part and denied in part to address Plaintiff's specific request to file the proposed pleading attached to the motion. The Court finds that the confusion caused by the order constitutes excusable neglect sufficient to grant Plaintiff's request to

file an Amended Complaint out of time.  *See* Fed. R. Civ. P. 6(b)(1)(B) (2009).

Moreover, although it is not necessary to find under a Rule 6 analysis,[1] the Court perceives no undue delay or prejudice to the Defendant by permitting the Plaintiff to file an Amended Complaint at this point in the litigation.[2]

Therefore, Plaintiff's Motion for Leave to File Amended Complaint Out of Time [filed July 22, 2009; docket #39] is **granted**.  The Plaintiff shall file an Amended Complaint, as granted by the Court's June 29, 2009 order, **on or before August 7, 2009**.[3]  Defendant shall file an answer or other response to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

In addition, the Scheduling Order shall be amended as follows:

Discovery cutoff (new allegations only):   August 24, 2009
Dispositive motion deadline:               September 21, 2009

Should the Defendant require additional time to address the allegations in Plaintiff's Amended Complaint through discovery, the Court will entertain such request.

Dated this 3rd day of August, 2009 in Denver, Colorado.

---

[1] Defendant's reference to the analysis in *Wiese v. Centex Homes*, Civil Action No. 08-cv-00377-ZLW-MEH, is distinguishable in that the plaintiff in that case missed a scheduling order deadline; here, the Plaintiff missed a court imposed deadline.

[2] Although the discovery cutoff was July 10, 2009, trial is not set until December 1, 2009.

[3] The Plaintiff is warned that any future failure to comply with Court orders may result in sanctions.  It is a party's responsibility to ensure that its pleadings and motions are filed properly with the Clerk of the Court.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge